99 APR -7 AM 10: 38

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-0282-CR-SEITZ

UNITED STATES OF AMERICA,

Plaintiff,

v.

MANNY VARAS,

Defendant.
_______________________________/

**GOVERNMENT'S RESPONSE**
**TO DEFENDANT'S MOTION IN LIMINE**

The United States of America, by and through the undersigned Assistant United States Attorney, respectfully files this response to the defendant's Motion in Limine to exclude all evidence that the defendant fled from law enforcement agents during and after the execution of a search warrant upon his residence. The motion in limine should be denied based on the following legal and factual grounds.

**FACTUAL BACKGROUND**

On April 14, 1998, at approximately 6:30 A.M., agents of the Bureau of Alcohol, Tobacco, and Firearms (ATF) executed a search warrant issued by United States Magistrate Judge Linnea Johnson, authorizing the search of the defendant's residence for evidence of the defendant's possession and making of a pipe bomb.

107

ATF agents knocked and announced that they had a warrant to search the premises. Agents observed the defendant run downstairs into the lower level of the house before defendant's father opened the front door. An agent who was positioned outside the rear fence of defendant's residence saw the defendant run out of the back door of the house toward the back yard. The agent identified himself as a police officer, and the defendant ran back into the house. The agent then radioed other agents to inform them that defendant had run back inside the house. ATF agents searched the house from room to room before they finally found the defendant hiding in a crawl space located in the basement of the house.

Defendant had locked the small door to the crawl space. ATF agents told defendant to come out or "I will break open the door," or words to that effect. Defendant then opened the door of the crawl space. Defendant was taken to the back yard of the house where he waited with his younger brother while the search continued. While in the back yard, defendant asked agents whether he could go into the house to make a telephone call. Agents told defendant that he could not. Defendant then asked whether he could go to a neighbor's house to make a call. Because defendant was not yet in custody, an agent told defendant that he could go. Defendant and his younger brother then scaled the back yard fence and did not return to their residence that day.

The next day, April 15, 1998, ATF agents found and arrested the defendant and his brother at the home of their friend, Eric Santana. Santana told agents that the defendant and his brother called Santana at about 2:00 A.M. that morning and asked him to pick them up at a Denny's Restaurant in Coral Gables, Florida. When Santana picked them up, defendant and his

brother told Santana that they were running from the cops and that they were thinking about getting on a boat to leave the country.

## MEMORANDUM OF LAW

The defendant alleges in his motion that this Court should exclude all evidence proving that defendant fled from law enforcement agents. The defendant bases his motion only on Fed.R.Evid. 403, which grants the trial court discretion to exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues. The defendant's argument is meritless.

It is well settled in the law that evidence of flight is admissible to demonstrate consciousness of guilt, and thereby guilt. United States v. Martinez, 83 F.3d 371, 377 (11th Cir. 1996) (evidence of defendant's flight to avoid burglary charge was sufficiently related to drug charges to prove consciousness of guilt for all charges); United States v. Blakey, 960 F.2d 996, 1000-01 (11th Cir. 1992) (evidence of defendant's flight, three years after the charged offense, was admissible to prove consciousness of guilt); United States v. Beard, 775 F.2d 1577, 1581 (11th Cir. 1985) (defendants' flight from FBI agents who gave chase in an unmarked car supported jury instruction that flight can raise inference of guilt); United States v. Borders, 693 F.2d 1318 (11th Cir. 1982) (evidence of flight can raise a permissive inference of consciousness of guilt of the crime charged).

Defendant's naked assertion that the danger of unfair prejudice of the flight evidence substantially outweighs its probative value lacks any basis in fact. Defendant has failed to

assert any reason why the evidence of defendant's flight may be unfairly prejudicial or confusing to the jury. See United States v. Myers, 550 F.2d 1036, 1049 (5th Cir. 1977) (district court erred in giving the flight instruction to jury where police testified alternately that defendant did, and did not, try to flee).

In the instant case, the evidence consistently and clearly shows that defendant fled from law enforcement agents on three separate occasions. First, he fled in direct response to ATF agents' unequivocal acts of knocking, identifying themselves as police, and announcing their presence and intention to search the residence. Defendant's reaction was not, as he alleges in the motion, a mistaken reaction to a perceived home invasion robbery from which he took flight. Rather, it was a reflexive attempt to flee from an announced police search.

Defendant then tried to escape through the back yard, only to find ATF agents outside, who identified themselves. Defendant again took flight, returning to the house, running down to the basement level, sneaking into a crawl space under the house and locking the door to the compartment. ATF agents found him there and again identified themselves as law enforcement agents. Cornered, defendant came out of the crawl space.

Defendant then took flight for a third time after agents allowed him to go make a telephone call at a neighbor's house. ATF agents found and arrested defendant the next day, hiding at a friend's house. Defendant's friend, Eric Santana, recounted defendant's admission that he was running from the cops and thinking about leaving the country on a boat. The defendant's three frantic escapes from agents who identified themselves during a lawful, and

announced search, along with defendant's admission of flight and his intention to leave the country, are devastatingly probative evidence of defendant's consciousness of guilt. Beard, 775 F.2d at 1581.

Further, this Court should admit the evidence of defendant's flight and charge the jury that they may infer guilt from that flight.[1] Id. Such admission of flight evidence is clearly within the discretion of the trial judge and will not be overturned absent a showing of "clear abuse." Blakey, 960 F.2d at 1001. This Court should therefore follow the litany of Eleventh Circuit cases holding that evidence of flight is admissible to prove the defendant's consciousness of guilt.

Defendant's reliance on Wong Sun v. United States, 371 U.S. 471 (1963), is misplaced. Wong Sun is distinguishable from the instant case in several material respects. Wong Sun did not address the issue at bar of whether evidence of flight from known law enforcement agents should be admitted to prove consciousness of guilt. Id. at 482-84. Wong Sun dealt only with the question of whether a defendant's flight from a police officer who does not identify himself as such can provide probable cause to arrest the fleeing person. Id. at 482-84. Notwithstanding the Wong Sun Court's language in dictum, discouraging the admission of flight evidence, "[i]t is today universally conceded that the fact of an accused's

---

[1] A proposed jury instruction on flight, attached as Exhibit 1, gives the jury the option of either accepting the evidence of flight and drawing the inference of guilt or rejecting the evidence of flight and not drawing the inference. Ultimately, the inference of guilt from flight is a factual question for the jury.

flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus, of guilt itself." United States v. Ballard, 423 F.2d 127, 133 (5th Cir. 1970).

Defendant's three separate flights from law enforcement agents and subsequent admissions provide solid, unambiguous evidence of his consciousness of guilt. Such evidence is extremely probative of the defendant's guilt and outweighs any prejudice to the defense. Moreover, the attached limiting instruction will prevent any danger that the jury may confuse the issues.

WHEREFORE, the United States of America respectfully requests that this Court deny the defendant's motion in limine.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

BY: ______________________
RICARDO A. DEL TORO
Assistant United States Attorney
Fla. Bar No. 0957585
99 N.E. 4th Street, 5th Floor
Miami, Florida 33132
Tele: (305) 961-9182
FAX: (305) 536-7214

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing response to the defense's motion to suppress identifications was mailed this 7th day of April, 1999, to Edward Shohat, Esq., Bierman, Shohat, Lowey & Klein, P.A., Penthouse Two, 800 Brickell Avenue, Miami, Florida 33131.

RICARDO A. DEL TORO
Assistant United States Attorney

# Exhibit 1

There has been evidence in this case that at the time of the defendant's arrest, he attempted to flee. The Government has argued that this evidence shows the defendant's consciousness of guilt. I therefore instruct you as follows:

Intentional flight by a person immediately after a crime has been committed or after that person has been accused of a crime that has been committed or after that person has been accused of a crime that has been committed is not, of course, sufficient in itself to establish the guilt of that person, but intentional flight under those circumstances is a fact which, if proved, may be considered by the Jury in light of all of the other evidence in the case in determining the guilt or innocence of that person.

Whether or not the defendant's conduct constituted flight is exclusively for you, the Jury, to determine. And if you do so determine, whether or not that flight showed a consciousness of guilt on that defendant's part and the significance to be attached to that evidence are also matters exclusively for you as a jury to determine.

I do remind you that in your consideration of any evidence of flight, if you should find there was flight, you should also consider that there may be reasons for this which are fully consistent with innocence. There may be reasons for a person to run away from the scene which are perfectly innocent reasons, and in no way show any consciousness of guilt on the part of that person.

And may I also suggest to you that a feeling of guilt does not necessarily reflect actual guilt of a crime which you may be considering. It is up to you, the jury, to determine whether the evidence has proved flight and the significance, if any, to be accorded such a determination.

---

United States v. Stewart, 579 F.2d 356, 358 (5th Cir. 1978); United States v. Borders, 693 F.2d 1318, 1327 (11th Cir. 1982); United States v. Valdez, 880 F.2d 1230, 1234 (11th Cir. 1989).